UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SHARON PARDO,

    Plaintiff,                                              CASE NO.: 20-cv-61245

v.

NADERPOUR & ASSOCIATES, P.A.,         **JURY DEMAND**

    Defendant.

_____/

## **COMPLAINT**

SHARON PARDO ("Plaintiff"), through undersigned counsel, brings this *Complaint* against NADERPOUR & ASSOCIATES, P.A. ("Naderpour" or "Defendant") and states:

1. Plaintiff alleges that Naderpour violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue is proper in this district, because Defendant's principal place of business is located in Broward County, Florida.

## **PARTIES**

4. Plaintiff, SHARON PARDO, is a natural person, and citizen of the State of Florida, residing in Royal Palm Beach, Florida 33411.

5. Upon information and belief, Defendant's principal place of business is in Broward County, Florida, specifically located at 2743 Hollywood Blvd., Hollywood, Florida 33020.

6. Upon information and belief, Defendant is a law firm that specializes in "debt collection" lawsuits, and every year Defendant and its attorneys file and prosecute thousands of credit card lawsuits against consumers in the State of Florida.

7. Defendant is a "debt collector" as defined by the FDCPA in that (1) the **principal purpose** of Defendant's business is to collect unpaid consumer debt, and (2) Defendant **regularly collects or attempts to collect** debts owed to another, including but not limited to Wells Fargo Bank, N.A. ("Wells Fargo").

8. Naderpour uses "any instrumentality of interstate commerce or the mails" in furtherance of its business practices to collect consumer debt, including against Plaintiff.

9. For all relevant times, Defendant is vicariously liable for all of its owners, partners, employees, lawyers, agents, and independent contractors.

## FACTUAL ALLEGATIONS

10. "The FDCPA prohibits debt collectors from using 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Motes v. Midland Funding, LLC*, 233 F. Supp. 3d 1256 (N.D. Ala. 2017).

11. Defendant engaged in a pattern of conduct that was abusive, misleading, and deceptive in violation of the FDCPA to collect a consumer debt allegedly owed by Sharon Pardo.

12. According to the allegations in the state court complaint and its attachments, it appears that Sharon Pardo used a credit card for her own personal, family and household purposes.

13. After the alleged debt went into default, Wells Fargo hired Defendant to collect the consumer debt and commence a state court lawsuit.

14. On February 19, 2020, Defendant commenced a state court lawsuit (State Court Case No. 2020-SC-002721) against Sharon Pardo. *See* Ex. A. (state court complaint).

15. This lawsuit was commenced in the Pam Beach County Courthouse located at 205 N. Dixie Highway, West Palm Beach, Florida 33401.

16. Within the state court complaint, Defendant alleged that Sharon Pardo was indebted to Wells Fargo in the amount of $5,454.90 plus court costs and attorney's fees.

17. Specifically, Defendant asserted two causes of action in its state court complaint.

18. First, Defendant sought to collect the alleged debt pursuant to the applicable credit card account agreement, which permitted a recovery for attorney's fees and court costs, and second, Defendant sought to collect the alleged debt pursuant to the cause of action for account stated.

19. On or about February 22, 2020, Defendant served Sharon Pardo with the state court complaint and a notice to appear for the pre-trial conference scheduled on March 24, 2020.

20. The pre-trial conference, however, was never conducted due to COVID-19, and instead, on April 3, 2020, the state court required that Sharon Pardo file a written answer to the state court complaint. *See* Ex. B.

21. On April 28, 2020, undersigned counsel filed his notice of appearance and an answer to the state court complaint. *See* Ex. C.

22. On May 5, 2020, Defendant's counsel engaged in a series of communications with Defendant's attorney in which it was stated that the claimed attorney's fees were a "flat fee" of $800.00 and that Defendant's counsel had no intention of pursuing the attorney's fees, if Sharon Pardo agreed to settle the case. *See* Ex. D.

23. Despite the representation of $800.00 in attorney's fees in communications with Defendant's attorney, on June 12, 2020, Defendant filed a Motion for Summary Judgment and in support of the motion, Defendant's attorney filed a request for attorney's fees in the amount of $750.00, which was less than the previous amount claimed. *See* Ex. E.

24. In addition, the affidavit of reasonableness of attorney's fees that supported the request for $750.00 is an exaggeration (at best) and could not possibly be "reasonable." *See* Ex. F.

25. Among other things, there is nothing "reasonable" about attorney's fees in the amount of $750.00, because debt collection lawsuits require nearly no attorney involvement, time, or skill as debt collectors use the same "form complaint" for every lawsuit that they file. If attorneys actually review the complaints that are filed, they spend minutes and not hours on the actual file.

26. As such, the request for $750.00 has no rational connection to Defendant's attorney work. This is further proven by the fact that it is a "flat fee," and this request for reasonable attorney's fees has nothing to do with whether a case results in a default judgment or hundreds of hours of legal work as a result of discovery, depositions, and a trial.

27. Upon information and belief, Defendant and its attorneys never truly attempt to collect its attorney's fees if a consumer debtor responds to the complaint, but instead, Defendant and its attorneys use the threat of attorney's fees as an intimidation tactic to bully consumers into settling their credit card debts.

28. Finally, Defendant lists that "attorney's fees" will be collected in its state court complaints, but Defendant fails to list the amount of attorney's fees that will be sought in the complaint

29. Since Defendant knows that the flat fee is $750.00, no valid excuse exists for Defendant to not state that this is the amount that they are seeking against a consumer defendant.

## COUNT ONE – FALSE, DECEPTIVE, AND MISLEADING REPRESENTATION OF ATTORNEY'S FEES IN VIOLATION OF 15 U.S.C. § 1692e(2)

30. Sharon Pardo incorporates Paragraphs 1 through 29.

31. Pursuant to 15 U.S.C. § 1692e(2):

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

32. The false, deceptive, and misleading misrepresentation to Plaintiff's attorney was, among other things, when Defendant stated that the attorney's fees in the case were $800.00 when those claimed attorney's fees were actually $750.00.

33. Furthermore, the fees of $750.00 were not reasonable, and the representation that they are is a false representation.

34. Specifically, the requested attorney's fees have no connection with the actual work performed in the state court case and collecting the underlying debt.

35. To the extent that any communications were made to Plaintiff's attorney, those communications must still be analyzed using the "least sophisticated consumer" standard. *See, e.g.*, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268 (11th Cir. 2016).

36. Given that the claim for attorney's fees were actually $750.00 instead of $800.00, and those fees are not reasonable, these representations were false and violated 15 U.S.C. § 1692e(2).

37. As a direct and proximate result of the foregoing, Sharon Pardo is entitled to an award of statutory damages, actual damages, and emotional damages against Defendant.

**WHEREFORE**, Sharon Pardo demands against Defendant:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

### COUNT TWO – FALSE, DECEPTIVE, AND MISLEADING REPRESENTATION OF ATTORNEY'S FEES IN VIOLATION OF 15 U.S.C. § 1692e(10)

38. Sharon Pardo incorporates Paragraphs 1 through 29.

39. Pursuant to 15 U.S.C. § 1692e(10):

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

40. To state a valid claim under § 1692e(10) of the FDCPA, a plaintiff must show only that the misrepresentation would have deceived or misled the "least sophisticated consumer." *See, e.g.*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985).

41. Defendant used deceptive means to collect a debt in that, among other things, (1) Defendant failed to state explicitly in the state court complaint the amount of attorney's fees that would be collected and left the amount open-ended even though the attorney's fees was a "flat fee"; (2) Defendant stated that the attorney's fees was $800.00 in communications with Plaintiff's attorney, but this was not true; (3) and Defendant submitted an affidavit of reasonableness for the $750.00 in attorney's fees even though the attorney's fees are not reasonable.

6

42. These false, deceptive, and misleading statements and implications were material in that the "least sophisticated consumer" would likely be harassed or intimidated into settling the underlying state court debt due to Defendant's harassment and illegal conduct.

43. As a direct and proximate result of the foregoing, Sharon Pardo is entitled to an award of statutory damages, actual damages, and emotional damages against Defendant.

**WHEREFORE**, Sharon Pardo demands against Defendant:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## COUNT THREE – FALSE, DECEPTIVE, AND MISLEADING REPRESENTATION OF ATTORNEY'S FEES IN VIOLATION OF 15 U.S.C. § 1692e(10)

44. Sharon Pardo incorporates Paragraphs 1 through 29.

45. Pursuant to 15 U.S.C. § 1692e(5):

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

46. The "threat" to take legal action that was not intended to be taken was to collect attorney's fees or costs as stated in the complaint.

47. In addition, the amount sought in the state court complaint was left open-ended, but in reality, the amount of attorney's fees is a "flat fee" that cannot rise if the case is litigated.

48. Within the communications that Sharon Pardo's counsel had with Defendant's counsel, it was immediately made clear that Defendant's counsel had no intention to require the payment of any attorney's fees or costs in any settlement negotiation.

7

49. Even if Defendant followed through on its intent to collect some attorney's fees, they are not fully exercising their rights as phrased in the state court complaint, because it is a flat fee, and as such, Defendant is arbitrarily limiting the amount of their recovery.

50. As such, Defendant had no intention to collect these amounts as long as Sharon Pardo entered into a settlement, and these "rights" that Defendant sought to exercise were being used to intimidate, harass, and threaten Sharon Pardo into a settlement.

51. Further, upon information and belief, Defendant **almost never** requires any consumer debtor that it sues to repay attorney's fees as long as the consumer debtor enters into a voluntary settlement, demonstrating that Defendant has no intention to collect these alleged "attorney's fees."

52. In addition, the "least sophisticated consumer" would feel threatened to settle the case in fear that an unknown amount of attorney's fees would be collected, as stated in the state court complaint, but in reality, Defendant did not intend to collect this amount.

53. As a direct and proximate result of the foregoing, Sharon Pardo is entitled to an award of statutory damages, actual damages, and emotional damages against Defendant.

**WHEREFORE**, Sharon Pardo demands against Defendant:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## JURY DEMAND

54. Plaintiff demands a trial by jury on all issues so triable.

## **RELIEF**

55. WHEREFORE, Sharon Pardo demands judgment against Defendant on all causes for:

    (a) Actual, Emotional, and Statutory Damages.

    (b) Attorney's fees, litigation expenses and costs of suit; and

    (c) Such other and further relief as the Court deems proper.

Dated: June 25, 2020                                Respectfully Submitted,

                                                           */s/ Michael C. Lutfy*
                                                           Michael C. Lutfy
                                                           Fla. Bar No. 126339
                                                           Lutfy Law Offices
                                                           80 Southwest 8th Street, Suite 2000
                                                           Miami, Florida 33130
                                                           Tel.: (305) 812-2351
                                                           Lutfy.Michael@gmail.com